LOWRY HILL PROPERTIES, INC. v. STATE, BY DOUGLAS M. HEAD, ATTORNEY GENERAL, AND ANOTHER. ASHBACH CONSTRUCTION COMPANY AND OTHERS, THIRD-PARTY DEFENDANTS.

200 N. W. 2d 297.

August 11, 1972—No. 43252.

*Warren Spannaus,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Morton H. Letofsky* and *Tibor M. Gallo,* Special Assistant Attorneys General, for appellant.

*Haverstock, Gray, Plant, Mooty & Anderson, Charles K. Dayton,* and *Robert E. Bowen,* for respondent Lowry Hill Properties, Inc.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *O. C. Adamson II,* for respondent Ashbach Construction Company.

*Maun, Hazel, Green, Hayes, Simon & Aretz* and *Garrett E. Mulrooney,* for respondent joint venture.

Heard before Knutson, C. J., and Rogosheske, Peterson, and MacLaughlin, JJ.

PER CURIAM.

Plaintiff-petitioner filed with the district court a petition for an alternative writ of mandamus requesting that the State of Minnesota be required to condemn certain property. Petitioner alleged that certain apartment buildings owned by it had been damaged as a result of shocks caused by pile driving in the construction of a highway near petitioner's property. A peremptory writ of mandamus was granted and the state appeals, contending (1) that pursuant to Rule 14, Rules of Civil Procedure, it was proper for the state to implead certain third parties in the mandamus proceeding, and (2) that the trial court erred in dismissing certain portions of the third-party complaint.

This is the third appeal involving the claims of petitioner against both the state and the contractors involved in constructing the highway. In Lowry Hill Properties, Inc. v. State, by Head, 294 Minn. 510, 200 N. W. 2d 295 (1972), we held that petitioner was not entitled to a writ of mandamus directing the state to proceed with inverse condemnation. The decision in that case renders moot the issues in this case, and this appeal is therefore dismissed.

Appeal dismissed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.